IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TONY ARCHIE,<br><br>    Defendant. | CRIMINAL ACTION<br><br>NO. 1:15-CR-00338-1-MHC-CMS |

# REPORT AND RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

On September 8, 2015, a Grand Jury sitting in the Northern District of Georgia returned a 35-count indictment against six individuals for alleged illegal activities designed to defraud cellular device providers. [Doc. 1]. Defendant Tony Archie ("Defendant") is charged in fifteen of the counts with the following: conspiracy to commit wire fraud (Count 1); seven counts of wire fraud (Counts 2-8); two counts of mail fraud (Counts 16-17); and five counts of money laundering (Counts 18-21, 32). [Id.]. The indictment also contains forfeiture provisions that apply to Defendant. [Id. at 15].

This matter is before the Court on Defendant's Motion to Suppress [Doc. 73] in which he claims that a search warrant for certain email accounts did not satisfy the particularity requirement of the Fourth Amendment.

## I.  BACKGROUND

On November 28, 2012, the Superior Court of DeKalb County issued a search warrant authorizing the search for digitally-stored emails and files in the following fifteen email accounts held by Microsoft Corporation, 1 Microsoft Way, Redmond, Washington 98052-732:

acewholesale1@hotmail.com
acewholesale75@hotmail.com
acewholesale04@hotmail.com
acewholesale50@hotmail.com
acewholesaletony@hotmail.com
acewholesale17@hotmail.com
acewholesale3@hotmail.com
acewholesale32@hotmail.com
acewholesale44@hotmail.com
acewholesale22@hotmail.com
acewholesale11@hotmail.com
acewholesale77@hotmail.com
tonyarchie@hotmail.com
acewholesale88@hotmail.com
acechicago@hotmail.com

[Doc. 82-1 at 1, hereinafter, collectively referred to as "Hotmail accounts"]. The search warrant described the information to be seized as: "subscriber information, registration information, IP (internet protocol) history, content of communication, including sent and received messages, device MAC (media access control) address, address books, log-in records, and photos and videos" that constituted evidence of violations of O.C.G.A. § 16-8-5.2 (retail property fencing) and O.C.G.A. § 16-14-4(a) (RICO). [Id.].

On January 29, 2016, Defendant filed a two-paragraph motion to suppress the Government's "use of any Hotmail accounts under his direction, control, use or access" because "the search warrant does not satisfy the particularity requirement

of the Fourth Amendment." [Doc. 73 at 1].  According to Defendant, the search warrant "permitted a general exploratory seizure of any and all information," and therefore "all evidence obtained from the search warrant and the fruits thereof must be suppressed."  [Id. at 1-2].

The Government responds that Defendant's motion should be denied for two reasons.  First, the Government argues that Defendant has not shown that Defendant had a reasonable expectation of privacy in any of the accounts. Second, the Government argues that the warrant was sufficiently particularized in terms of the information to be searched and seized.

Defendant did not file a reply brief and did not specifically request an evidentiary hearing.

## II.   DISCUSSION

### A. Standing

The Government first argues that Defendant's motion should be denied because Defendant has not alleged or made a showing that he had any ownership interest in the Hotmail accounts or otherwise had a legitimate expectation of privacy in the accounts. [Doc. 82 at 3-7].  The Court agrees.

The Fourth Amendment guarantees that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

3

> violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. Fourth Amendment rights, however, are personal. Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 472 (1998); Katz v. United States, 389 U.S. 347, 351, 88 S. Ct. 507, 511 (1967) ("[T]he Fourth Amendment protects people, not places"). The "capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Carter, 525 U.S. at 88, 119 S. Ct. at 473 (quoting Rakas v. Illinois, 439 U.S. 128, 143, 99 S. Ct. 421, 430 (1978)). Absent a legitimate expectation of privacy in the place searched, a court may find that the defendant lacks standing to challenge the search. United States v. DeLuca, 269 F.3d 1128, 1132 (10th Cir. 2001).

Here, Defendant's motion does not identify any relationship between Defendant and the Hotmail accounts. Although Defendant seeks to suppress "any Hotmail accounts under his direction, control, use or access" [Doc. 73 at 1], Defendant does not allege that any of the Hotmail accounts meet that criteria. The motion is simply a boilerplate motion with no analysis or discussion of any relevant facts. In failing to point to any evidence showing who had access to the accounts, the purpose of the accounts, or any other such facts that might shed light

4

on the issue, Defendant has failed to demonstrate that he had a legitimate expectation of privacy in any of the Hotmail accounts.[1]  Accordingly, I conclude that Defendant has failed to carry his burden of alleging facts that would establish his standing to challenge the search, and I therefore recommend that the motion be denied on this basis.

### B. Particularity

The Fourth Amendment requires that a warrant particularly describe both (1) the place to be searched and (2) the persons or things to be seized. U.S. CONST. amend. IV; United States v. Bemka Corp., 368 F. App'x 941, 943 (11th Cir. 2010) (per curiam).  It is unclear which aspect of particularity Defendant contends is lacking.

With respect to the place to be searched, a warrant is sufficiently particular where it describes "the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." United States v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986).  The warrant in this case clearly and specifically identified the property to be searched as the "digitally stored emails and files held by Microsoft

---

[1] I note that Defendant has not filed a reply brief challenging or disputing the Government's argument that he lacks standing to challenge the search.

Corporation" contained in the fifteen specified email accounts. [Doc. 82-1 at 1]. It is difficult to imagine how the warrant could have been more specific or more particularized as to the place to be searched.

> With respect to the things to be seized, the Eleventh Circuit instructs that:
>
> It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit.

United States v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982). The search warrant at issue in this case described the property or things to be seized as follows:

> subscriber information, registration information, IP (internet protocol) history, content of communication, including sent and received messages, device MAC (media access control) address, address books, log-in records, and photos and videos for the [fifteen specified email accounts] . . . which are in violation of: O.C.G.A. § 16-8-5.2, Retail Property Fencing, and O.C.G.A. § 16-14-4(a), Racketeering Influenced and Corrupt Organizations Act (RICO).

[Doc. 82-1 at 1]. Contrary to Defendant's contention that the warrant "permitted a general exploratory seizure of any and all information," [Doc. 73 at 1-2], the description of the items to be seized is sufficiently detailed and particular. By explicitly limiting the scope of what may be searched and seized to evidence of the crimes under investigation, the warrant was sufficiently particular to enable the

6

searcher to reasonably ascertain and identify the property authorized to be seized. See United States v. Lee, No. 1:14-cr-227-TCB-2, 2015 WL 5667102, at *3 (N.D. Ga. Sept. 25, 2015) ("a warrant that requires disclosure of the entire contents of an email account and then describes a subset of that information that will be subject to seizure is reasonable"); United States v. Harvey, No. 1:15-cr-53-TWT-RGV, 2015 WL 9685908, at *13 (N.D. Ga. Nov. 30, 2015), adopted by 2016 WL 109984, at *1 (N.D. Ga. Jan. 8, 2016) (concluding that a search warrant for a cell phone was sufficiently particularized where the property to be seized was limited to evidence of the crimes being investigated); United States v. Ortiz-Aleman, No. 1:11-cr-20-ODE-JFK, 2011 WL 3739528, at *4 (N.D. Ga. July 21, 2011), adopted by 2011 WL 3739425, at *1 (N.D. Ga. Aug. 24, 2011) (holding that the following description of things to be seized from a cell phone was adequately particularized to survive Fourth Amendment scrutiny: "address and phone/contact listings, text messages sent and/or received, calendars, photographs, and to-do lists, which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 21 USC §§ 841(a) and 846").

The universe of property that could be seized pursuant to the warrant at issue in this case was limited to evidence of illegal activities concerning the state law

crimes of retail property fencing (O.C.G.A. § 16-8-5.2) and RICO (O.C.G.A. § 16-14-4(a)). The warrant, therefore, did not permit a "general exploratory seizure" of the information in the Hotmail accounts. See Lee, 2015 WL 5667102, at *10 ("Indeed, the two-step procedure employed by the government to review the email accounts in this case—first obtaining the disclosure from Google and subsequently reviewing the disclosure for the items specified in the warrants—is explicitly authorized by Rule 41 of the Federal Rules of Criminal Procedure, and federal courts around the country have consistently upheld similar email search warrants utilizing this same procedure as constitutional under the Fourth Amendment."); United States v. Brooks, No. 3:13-cr-58-J-34JRK, 2014 WL 292194, at *11 (M.D. Fla. Jan. 27, 2014), adopted at *2 (concluding that because the scope of the warrant was restricted to evidence of child pornography-related crimes, it did not permit a free-ranging search); see also Signature Pharmacy, Inc. v. Wright, 438 F. App'x 741, 745-46 (11th Cir. 2011) (per curiam) (unpublished) (holding that the items to be seized were described with sufficient particularity where the items were limited by the specific crimes under investigation and stating "[b]ecause the descriptions in the warrants refer to items that are evidence of a violation of certain statutes relating to the sale of controlled substances, the items were described with

sufficient particularity to allow Wright, a seasoned law enforcement officer, to identify the things to be seized").

For the reasons stated, I conclude that the warrant satisfied the Fourth Amendment's particularity requirement, and Defendant's motion to suppress should be denied on this basis as well.

### III.   CONCLUSION

For the reasons stated above, I RECOMMEND that Defendant's Motion to Suppress [Doc. 73] be DENIED.

I have now addressed all referred pretrial matters and have not been advised of any impediments to the scheduling of a trial. Accordingly, the Defendant is CERTIFIED READY FOR TRIAL.

IT IS SO ORDERED, this 18th day of April, 2016.

_____
CATHERINE M. SALINAS
United States Magistrate Judge